**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

July 17, 2013

RE: _Wright v. United States of America_
    PWG-12-2855

**LETTER ORDER**

Dear Counsel:

　　This Letter Order addresses the Motion to Dismiss, ECF No. 15, and accompanying memorandum, ECF No. 16, that Defendant, the United States of America (the "Government") filed, as well as Plaintiffs Evelyn C. Wright, Brenda L. Ross, and Arnita M. Singleton's Motion for Leave to File Second Amended Complaint, ECF No. 19; the Government's Opposition, ECF No. 21; and Plaintiff's Reply, ECF No. 22. Plaintiffs have not responded to the Government's Motion to Dismiss, and the time for doing so has passed. _See_ Loc. R. 105.2.a. A hearing is not necessary. _See_ Loc. R. 105.6. For the reasons that follow, Plaintiffs' Motion for Leave to File Second Amended Complaint is GRANTED, Defendant's Motion to Dismiss is DENIED as moot, and leave to conduct limited discovery is GRANTED, as set forth below.

## I.　　BACKGROUND

　　Plaintiffs served as volunteer trustees for the New United Baptist Church, which ran a daycare. 1st Am. Compl. ¶¶ 3, 5 & 6, ECF No. 14. The church withheld taxes from the daycare's employees' wages, but failed to pay those taxes to the Internal Revenue Service ("IRS"). Gov't Opp'n 1–2.[1] Consequently, the IRS assessed the trustees with payroll withholding taxes under 26 U.S.C. § 6672 and collected tax and penalty payments from the trustees. 1st Am. Compl. ¶¶ 1 & 51. The trustees brought suit against the Government, claiming that they "were not the 'responsible party'" and that they "did not 'willfully' withhold payment to the IRS." _Id._ ¶¶ 60–61. They seek "a refund of all monies, with interest as allowed by law, that they have paid to the Defendant as a result of this assessment under Section 6672." _Id._ at 12.

---

[1] The Government provided this information in its Opposition. Curiously, most of Plaintiffs' First Amended Complaint is dedicated to describing the misconduct of the church's former pastor, who allegedly deceived the trustees, stole repeatedly from the church and had an affair with its secretary. 1st Am. Compl. ¶¶ 28–44. As scandalous as his behavior may be to the Plaintiffs, much of it is irrelevant to Plaintiffs' suit. Relevant information, such as that the church failed to pay withholding taxes to the IRS, is glaringly absent from the complaint, in any of its three iterations. While this order permits Plaintiffs to file another amended complaint, they would be wise to ensure that it is pleaded properly, as there are limits to the number of amendments that are allowable.

Plaintiffs filed their original Complaint on September 25, 2012. Compl., ECF No. 1. The Government moved to dismiss for lack of jurisdiction, contending that "the complaint [did] not comply with the terms and conditions of any waiver of the United States' sovereign immunity" because Plaintiffs "failed to establish they paid the tax for which they seek a refund, and . . . also failed to specify the amount and tax periods for which they seek a refund." Gov't 1st Mot. 1, ECF No. 8. Plaintiffs filed an Opposition, arguing that "the total of payments made by the Plaintiff[s] up until the day of filing should be more than sufficient to cover in full the liabilities for the earliest outstanding quarters, according to a break-down of liabilities provided to Plaintiffs by IRS," and that the IRS "controlled the application of the Plaintiffs' payments to the liabilities and has exclusive knowledge as to the amounts outstanding per employee and per quarter." Pls.' Opp'n ¶¶ 3–4, ECF No. 11. Yet they conceded that "averments regarding payments by them to the government on the alleged Section 6672 liabilities were missing in the original complaint," and therefore they sought to amend to cure the deficiency. *Id.* ¶¶ 1–2. To that end, they filed a Motion for Leave to Amend Complaint, ECF No. 12, which the Court granted, ECF No. 13. The Court denied the Government's motion to dismiss as moot. ECF No. 13.

Plaintiffs filed an Amended Complaint on March 13, 2013. ECF No. 14. They claimed that, "[a]s instructed by the Internal Revenue Service to meet the jurisdictional requirements, Plaintiffs each made payment of $25 for one employee for one quarter with the Form 843 ('Claim for Refund and Request for Abatement') filed on April 14, 2010." Am. Compl. ¶ 10. Plaintiffs also alleged that, prior to filing their Complaint, Wright paid $200 and Ross and Singleton each paid $425, in addition to payments totaling $13,517.15 for Wright, $5,472.18 for Ross, and $3,647.00 for Singleton, that Plaintiffs made through wage garnishment and deductions from their tax refunds. *Id.* ¶¶ 11–14. They insisted that these amount are "sufficient, at a minimum, to have paid taxes, penalties and interest . . . assessed under Section 6672 for no less than one, and probably more than one of the outstanding quarters for which Plaintiffs are allegedly liable." *Id.* ¶ 16.

Once again, the Government moves to dismiss for lack of jurisdiction, contending that

the plaintiffs have <u>each</u> still failed to identify: (1) the amount of withholding tax they paid on behalf of a particular New United Baptist Church employee for which the Church failed to pay over to the Government, and (2) for which tax period(s) they paid this tax on behalf of the particular New United employee.

Gov't 2d Mot. 1. In response, Plaintiffs seek leave to amend for a second time. Pls.' 2d Mot. 1. By filing a motion to amend in response to the Government's Motion to Dismiss, without filing a substantive response to the Government's motion, Plaintiffs implicitly acknowledge that the Motion to Dismiss is meritorious as to their First Amended Complaint. Yet, the only changes they make in the proposed Second Amended Complaint are the addition of three new paragraphs and the revision of one existing paragraph. In those paragraphs, Plaintiffs identify the periods in which the "IRS assessed the Plaintiffs with the Trust Fund[2] Recovery Penalty ('TFRP')"; the periods in which Plaintiffs paid that penalty; and the IRS agent "who had primary responsibility for the case and who regularly met with, and instructed, the Plaintiffs" on how to meet the

---

[2] Payroll withholding taxes are commonly called "'trust fund taxes' because the employer holds the withheld taxes in trust for the United States." *Newbill v. United States*, 441 Fed. App'x 184, 187 (4th Cir. 2011).

jurisdictional requirements. 2d Am. Compl. ¶¶ 8–9 & 12–13, ECF No. 19-1. The proposed amended allegations do not address the objections that the Government raised.

## II.    DISCUSSION

A party may move to dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(1), which provides that a party may assert lack of subject matter jurisdiction by motion as a defense to a claim for relief. "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011) (quoting *Evans v. B.F. Perkins, Co*., 166 F.3d 642, 647 (4th Cir. 1999)).

"A Rule 12(b)(1) motion to dismiss is not limited to challenges to jurisdiction appearing from the face of the complaint. In considering the allegations, the court may consider extrinsic evidence and, if such evidence is disputed, may weigh and determine the facts." *United States ex rel. Ackley v. Int'l Business Machines Corp.*, 76 F. Supp. 2d 654, 659 (D. Md. 1999) (citations omitted). The Court "regard[s] the pleadings' allegations as mere evidence on the issue," and its consideration of additional evidence does not "convert[] the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment."). Notably, "[w]hen jurisdictional facts are disputed, no presumption of truthfulness attaches to the plaintiff's allegations." *Ackley*, 76 F. Supp. 2d at 659. Put another way, "'[t]he presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question.'" *Id.* (quoting *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998)).

When a defendant challenges subject matter jurisdiction, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Evans*, 166 F.3d at 647; *El-Amin*, 2011 WL 2580630, at *2. To this end, limited discovery on the jurisdictional issue is, at times, appropriate before the court grants a Rule 12(b)(1) motion to dismiss. *See Watson v. CSA, Ltd.*, 376 F. Supp. 2d 588, 590 (D. Md. 2005) (noting that, "[i]n anticipation of Defendants' jurisdictional challenge, the Court allowed limited discovery on the question of [subject matter] jurisdiction"); *Ackley*, 76 F. Supp. 2d at 669 (noting that, following oral argument on defendants' motion to dismiss, the Court had permitted "limited discovery pertaining to subject matter jurisdictional issues, as permitted by Fed. R. Civ. P. 56(f) [now Rule 56(d)[3]]"); *Heirs of Deskins v. Consol Energy, Inc.*, No. 1:11CV00069, 2012 WL 503636, at *1 & 3 (W.D. Va. Feb. 15, 2012) (granting motion "to conduct limited discovery of the jurisdictional facts in order to determine whether th[e] court has subject-matter jurisdiction"); *Moore v. Drew*, No. 4:09-CV-2046-RMG-TER, 2011 WL 587098, at *1 (D.S.C. Jan. 18, 2011) (with regard to plaintiff's request for limited discovery, magistrate judge's report and recommendation that "Plaintiff should be allowed to conduct limited discovery on the jurisdictional issues [regarding subject matter

---

[3] Fed. R. Civ. P. 56(d)(2) provides that, with regard to a motion for summary judgment, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . allow time to . . . take discovery."

jurisdiction] raised by Defendants prior to the court issuing a ruling on those claims"); *Owle v. Cherokee Boys Club*, No. 2:10CV7, 2010 WL 1417822, at *2 (W.D.N.C. Apr. 2, 2010) (granting request for limited discovery regarding whether the court had subject matter jurisdiction); *England v. Sellers*, No. 2:06 0073, 2006 WL 3337379, at *1 (S.D. W. Va. Sept. 27, 2006) (noting that plaintiffs were permitted limited discovery to establish subject matter jurisdiction).

Here, the Court considers the Government's Motion to Dismiss in tandem with Plaintiffs' Motion to Amend. Whether to grant a motion for leave to amend is within this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Yet, pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." The Court only should deny leave to amend if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility," *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013); *see Forman*, 371 U.S. at 182 (stating that the court also may deny leave if the plaintiff has amended more than once already without curing the deficiencies in the complaint); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Otherwise, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," and the plaintiff moves to amend, the Court should grant the motion so that the plaintiff has the "opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

Determining whether amendment would be futile does not involve "'an evaluation of the underlying merits of the case.'" *MTB Servs.*, 2013 WL 1819944, at *3 (quoting *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.*, No. CCB–11–0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012)). Rather, "the merits of the litigation" are only relevant to the Court's ruling on a motion for leave to amend if "a proposed amendment may clearly be seen to be futile," *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), such as "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F .3d 462, 471 (4th Cir. 2011); *see MTB Servs.*, 2013 WL 1819944, at *3.

The pending motions hinge on Plaintiffs' ability to establish this Court's subject matter jurisdiction. A party may only bring suit against the United States where the Government has waived its sovereign immunity, and the plaintiff must demonstrate that waiver to establish this Court's jurisdiction. *McSweegan v. Pistole*, No. WDQ-12-2126, 2013 WL 1833245, at *1 (D. Md. Apr. 30, 2013). The Government waives its immunity for taxpayer suits for refunds from the IRS. *See* 26 U.S.C. § 7422. Typically, "the full payment of an assessment is required as a prerequisite of a refund suit." *Higginbotham v. United States*, 556 F.2d 1173, 1174 n.1 (4th Cir. 1977). However, "'a taxpayer assessed under § 6672 need only pay the divisible amount of the penalty assessment attributable to a single individual's withholding before instituting a refund action.'" *Lighthall v. C.I.R.*, 948 F.2d 1292, 1991 WL 243213, at *2 (7th Cir. 1991) (quoting *Boynton v. United States*, 566 F.2d 50, 52 (9th Cir. 1977) (citing *Steele v. United States*, 280 F.2d 89, 91 (8th Cir. 1960))). Put another way, "the taxpayer must . . . pay the withholding tax of one employee for one quarter to meet the jurisdictional requirement." *Id.*

According to the Government, Plaintiffs have not done this. The Government contends that the Court should dismiss the First Amended Complaint and should deny Plaintiffs leave to file the proposed Second Amended Complaint because, even as amended, the complaint fails to establish jurisdiction. Gov't Opp'n 1; Gov't 2d Mot. 1. Specifically, the government argues that "each plaintiff has not identified: (1) the amount of withholding tax they paid on behalf of a

particular New United employee for which it failed to turn over to the Government and (2) the tax period or periods for which they paid the withholding tax." Gov't Opp'n 4–5.

In reply, Plaintiffs assert that their payments "have been the result of garnishments and seizures of tax refunds," Pls.' Reply ¶ 3, such that the "IRS absolutely controlled the application of payments by the Plaintiffs toward the tax liability," *id.* ¶ 1, and Plaintiffs could not choose "which employee or quarter they would like the payment to count toward," *id.* ¶ 4. Most significantly, Plaintiffs argue that "the application of Plaintiffs' funds and the records showing where the funds were applied is exclusively within the control of the government." *Id.* ¶ 12. They insist that they "do not have 'ready access' to [the church's daycare payroll] records that have been destroyed or altered" because, as "volunteer directors with full-time jobs elsewhere," Plaintiffs "were NOT in control of the payroll of the day care center," which "was administered by the Pastor and his staff who purposely misled the trustees." *Id.* ¶ 13.

Plaintiffs have shown that they do not have access to the information necessary to establish jurisdiction and that the Government controls the relevant documents. *See* Pls.' Reply ¶¶ 12–13; *see* Pl.'s Opp'n to Gov't 1st Mot. ¶ 4 ("IRS, it should be noted, controlled the application of the Plaintiffs' payments to the liabilities and has exclusive knowledge as to the amounts outstanding per employee and per quarter."). The Government has not refuted these assertions. Therefore, the parties are granted leave to conduct limited, focused discovery, in the form of requests for production of documents, not to exceed ten in number, and, if necessary, a deposition pursuant to Fed. R. Civ. P. 30(b)(6) pertinent to whether this Court has subject matter jurisdiction. *See Watson*, 376 F. Supp. 2d at 590. The scope of the permitted discovery shall be strictly limited to the facts Plaintiffs assert they need to meet the deficiencies identified by the Government in their jurisdictional allegations. The parties will confer together to jointly develop an agreed limited discovery plan. Should any disputes arise regarding the permissible scope that counsel are unable to resolve, they will advise the Court in a letter not to exceed three pages in length, and I will schedule a telephone hearing to resolve the dispute. The deadline for this limited discovery is September 18, 2013. The results of this limited discovery may enable Plaintiffs to establish jurisdiction, and therefore, they should have the opportunity to amend. *See* Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182.

### III.   CONCLUSION

Plaintiffs' Second Motion to Amend is GRANTED. Plaintiffs shall file their Second Amended Complaint on or before October 2, 2013. This shall be Plaintiffs' final opportunity to amend.[4] The Government's Motion to Dismiss Plaintiffs' First Amended Complaint is DENIED as moot.

---

[4] Plaintiffs are cautioned that the Second Amended Complaint, if resubmitted without revision, would not survive another motion to dismiss. Fatally, Plaintiffs do not allege the amount of withholding tax due for any one employee for one quarter. Nor do they proffer evidence to support their assertion that the IRS instructed them to pay $25 each. *See Evans*, 166 F.3d at 647; *El-Amin*, 2011 WL 2580630, at *2. Consequently, they have not shown that any of them paid the withholding tax due for one employee for one quarter. *See Lighthall*, 1991 WL 243213, at *2; *Boynton*, 566 F.2d at 52; *Steele*, 280 F.2d at 91; *see also 47th St. Setting Corp. v. United States*, No. 98 CIV. 2704(RMB), 1999 WL 1001594, at *4 (S.D.N.Y. July 27, 1999) (dismissing complaint where plaintiff paid "less than the amount of total employment tax liabilities

Additionally, the parties are granted leave to conduct the limited, focused discovery described above pertinent to whether this Court has subject matter jurisdiction. The deadline for this limited discovery is September 18, 2013.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

_____/S/_____

Paul W. Grimm
United States District Judge

lyb

---

associated with one employee for one quarter," even though it did "not appear to be a case where clearly the taxpayer deliberately circumvented the required procedure by not paying taxes owed"; noting that in *Spivak v. United States*, 254 F. Supp. 517, 519 (S.D.N.Y. May 2, 1966), *aff'd*, 370 F.2d 612 (2d Cir. 1967), the court dismissed the complaint because "plaintiffs failed to sustain the burden of proving, 'by a fair preponderance of the credible evidence that the sums they paid were in fact the taxes due for one employee for each quarter here involved'" to establish jurisdiction). Moreover, amendment then would be futile, as Plaintiffs amended once without stating a viable claim, and their proposed second amendment still does not cure the deficiencies. *See Foman*, 371 U.S. at 182.